Case 4:19-cv-04238   Document 1-3   Filed on 10/28/19 in TXSD   Page 1 of 20

9/20/2019 4:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37005697
By: Nelson Cuero
Filed: 9/20/2019 4:41 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **LOYDE BELL,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| **GEOVERA SPECIALTY INSURANCE** | § | |
| **COMPANY, TEAM ONE ADJUSTING** | § | |
| **SERVICES, LLC, GAIL LOCKWOOD** | § | |
| **AND RAMIRO CAZAS,** | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Loyde Bell ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of GeoVera Specialty Insurance Company ("GeoVera"), Team One Adjusting Services, LLC ("Team One"), Gail Lockwood ("Lockwood"), and Ramiro Cazas ("Cazas") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to particular circumstances of this suit.

### PARTIES

2. Plaintiff Loyde Bell is an individual residing in Harris County, Texas.

3. Defendant GeoVera is a foreign insurance company incorporated in and/or having its principal place of business in the State of California. GeoVera, at all times material to

**EXHIBIT C**

  this action, has engaged in the business of insurance in the State of Texas, as more particularly described below. This defendant does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The cause of action arises out of this defendant's business activities in Texas. Accordingly, this defendant may be cited by serving the Texas Insurance Commissioner at 333 Guadalupe Street, Austin, Texas 78701. The Commissioner may forward citation and the petition to this defendant at its mailing address and/or principal place of business at: GeoVera Specialty Insurance Company, c/o President Kevin M. Nish, or any other officer, 4820 Business Center Dr., Suite 200, Fairfield, CA 94534.

4.  Defendant Team One is an adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: Dick Rogers, 8701 John W. Carpenter Frwy., STE 140, Dallas, TX 75247.

5.  Defendant Gail Lockwood is an individual residing in and domiciled in the State of Florida. This defendant may be served with personal process by a process server at her place of residence at 622 SW Broderick Drive, Lake City, FL 32025.

6.  Defendant Ramiro Cazas is an individual residing in and domiciled in the State of California. This defendant may be served with personal process by a process server at his place of residence at 1948 Country Club Drive, Redlands, CA 92373.

## JURISDICTION

7.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over

*Page 2*

**EXHIBIT C**

$200,000 but not more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

8. The Court has jurisdiction over Defendant GeoVera because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Team One because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant Lockwood because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant Cazas because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

12. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13. Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GeoVera.

**EXHIBIT C**

14. Plaintiff owns the insured property, which is specifically located at 3703 Arbor Point Lane, Friendswood, Texas 77546, in Harris County (hereinafter referred to as "the Property").

15. GeoVera sold the Policy insuring the Property to Plaintiff.

16. On or about August 26, 2017, Plaintiff's home sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas. Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane. Harvey was the nation's first major hurricane landfall since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of Friendswood—with wind, wind-driven rain, and/or other covered perils.

17. As would be expected in a wind event of this magnitude, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm. Furthermore, Plaintiff sustained significant damage to his personal belongings and contents within the home.

18. Plaintiff submitted a claim to GeoVera against the Policy for Roof Damage, Structural Damage, Contents Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

**EXHIBIT C**

19. Plaintiff asked that GeoVera cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

20. Defendant GeoVera assigned Defendant Team One to adjust the claim. Defendant Team One and/or Defendant GeoVera then assigned Defendants Lockwood and Cazas as the individual adjusters on the claim. The adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about September 25, 2017, Defendant Cazas conducted a substandard inspection of Plaintiff's property. For example, Defendant Cazas spent a mere twenty (20) minutes inspecting Plaintiff's entire property for windstorm damages. Furthermore, Defendant Cazas made coverage decisions and told Plaintiff which damages specifically would and would not be covered. Defendant Cazas was neither qualified nor authorized to make coverage determinations. The inadequacy of Defendant Cazas's inspection is further evidenced by his report, which failed to include all of Plaintiff's windstorm damages noted upon inspection. Moreover, the damages that Defendant Cazas actually included in his report were grossly undervalued. Ultimately, Defendant Cazas's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Defendant Cazas's inadequate investigation was relied upon by GeoVera in this action and resulted in Plaintiff's claim being undervalued and underpaid.

21. Defendant Lockwood also actively participated in the investigation of Plaintiff's claim. Specifically, she corresponded with Plainitff regarding his claim in letters, communicated with him regarding his claim, and/or reviewed reports, documents and information regarding the claim. Ultimately, Defendant Lockwood failed to thoroughly review

Defendant Cazas's assessment of the claim and ultimately approved and/or submitted Defendant Cazas's inaccurate report of the damages.

22. Together, Defendants GeoVera, Team One, Lockwood, and Cazas set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and he was denied adequate and sufficient payment to repair his home. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

23. As detailed in the paragraphs below, GeoVera wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, GeoVera underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

24. To date, GeoVera continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home.

25. Defendant GeoVera failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. GeoVera's conduct constitutes a breach of the insurance contract between GeoVera and Plaintiff.

**EXHIBIT C**

26. Defendants GeoVera, Team One, Lockwood, and Cazas misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

27. Defendants GeoVera, Team One, Lockwood, and Cazas failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

28. Defendants GeoVera, Team One, Lockwood, and Cazas failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants GeoVera, Team One, Lockwood, and Cazas failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants GeoVera, Team One, Lockwood, and Cazas did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

29. Defendants GeoVera, Team One, Lockwood, and Cazas failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from

Defendants GeoVera, Team One, Lockwood, and Cazas. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

30. Defendants GeoVera, Team One, Lockwood, and Cazas refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants GeoVera, Team One, Lockwood, and Cazas failed to conduct a reasonable investigation. Specifically, Defendants GeoVera, Team One, Lockwood, and Cazas performed an outcome-oriented investigation of Plaintiff' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants GeoVera, Team One, Lockwood, and Cazas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

31. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

32. Defendant GeoVera failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

33. Defendant GeoVera failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of

*Page 8*

**EXHIBIT C**

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. GeoVera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

34. From and after the time Plaintiff's claim was presented to Defendant GeoVera, the liability of GeoVera to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GeoVera has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing.

35. Defendants GeoVera, Team One, Lockwood, and Cazas knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

36. As a result of Defendants GeoVera, Team One, Lockwood, and Cazas's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

37. Plaintiff's experience is not an isolated case. The acts and omissions GeoVera committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of GeoVera with regard to handling these types of claims. GeoVera's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANTS LOCKWOOD AND CAZAS

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

*Page 9*

**EXHIBIT C**

38. Defendants GeoVera and/or Team One assigned Defendants Lockwood and Cazas to adjust the claim. Defendants Lockwood and Cazas were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, the adjusters failed to properly assess Plaintiff's Hurricane Harvey damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

39. Defendants Lockwood and Cazas's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

40. Defendants Lockwood and Cazas are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of GeoVera, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

41. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.

*Page 10*

**EXHIBIT C**

Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Lockwood and Cazas's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Defendants Lockwood and Cazas's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Defendants Lockwood and Cazas failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Lockwood and Cazas failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Lockwood and Cazas as described above, of failing to promptly provide Plaintiff with a reasonable explanation of

the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Defendants Lockwood and Cazas's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Defendants Lockwood and Cazas did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to GeoVera. Defendants Lockwood and Cazas's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANT TEAM ONE

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

46. Defendant Team One's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47. Defendant Team One's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

48. Defendant Team One's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

49. Defendant Team One's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

50. Defendant Team One's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

51. Defendant Team One's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

52. Plaintiff is not making any claims for relief under federal law.

## FRAUD

53. Defendants GeoVera, Team One, Lockwood, and Cazas are liable to Plaintiff for common law fraud.

54. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants GeoVera, Team One, Lockwood, and Cazas knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

56. Defendants GeoVera, Team One, Lockwood, and Cazas are liable to Plaintiff for conspiracy to commit fraud. Defendants GeoVera, Team One, Lockwood, and Cazas were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants GeoVera, Team One, Lockwood, and Cazas committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST GEOVERA ONLY

57. Defendant GeoVera is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

*Page 14*

**EXHIBIT C**

## BREACH OF CONTRACT

58. Defendant GeoVera's conduct constitutes a breach of the insurance contract made between GeoVera and Plaintiff.

59. Defendant GeoVera's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GeoVera's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

60. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

61. Defendant GeoVera's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

62. Defendant GeoVera's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GeoVera's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

63. Defendant GeoVera's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the

*Page 15*

**EXHIBIT C**

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

64. Defendant GeoVera's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

65. Defendant GeoVera's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

66. Defendant GeoVera's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

67. Defendant GeoVera's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

68. Defendant GeoVera's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

69. Defendant GeoVera's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

70. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendants Team One, Lockwood, and Cazas are agents of GeoVera based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

71. Separately, and/or in the alternative, as referenced and described above, GeoVera ratified the actions and conduct of Defendants Team One, Lockwood, and Cazas including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

72. Defendant GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

73. Defendant GeoVera's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, GeoVera knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

74. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

*Page 17*

**EXHIBIT C**

## DAMAGES

75. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

76. As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants GeoVera, Team One, Lockwood, and Cazas's mishandling of Plaintiff's claim in violation of the laws set forth above.

77. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

78. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

79. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

80. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

81. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

82. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

83. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

84. *Plaintiff's Request for Disclosure to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit A."

### REQUESTS FOR PRODUCTION

85. *Plaintiff's First Request for Production to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit B."

*Page 19*

**EXHIBIT C**

## INTERROGATORIES

86. *Plaintiff's First Set of Interrogatories to Defendant GeoVera Specialty Insurance Company* is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
Telephone (713) 714-0000
Facsimile (713) 714-1111
MADDocketEfile@mostynlaw.com

**ATTORNEY FOR PLAINTIFF**

Page 20

**EXHIBIT C**